UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.  1:24 CR 160 SNLJ (ACL) ) ) |
| DAVID McKNIGHT, | ) ) |
| Defendant. | ) ) |

**ORDER CONCERNING PRETRIAL MOTIONS**

Defendant pled not guilty to the Indictment on November 14, 2024.  At the arraignment, defense counsel requested time to review discovery and to determine whether and/or what pretrial motions ought to be filed on behalf of Defendant.  For the reasons stated on the record at the arraignment, the undersigned finds that denying Defendant's request for time would deny counsel for Defendant the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence; the undersigned further finds that the ends of justice served by granting Defendant's request outweigh the best interest of the public and the Defendant in a speedy trial.

Accordingly,

**IT IS HEREBY ORDERED** that forthwith the government shall give notice to the Defendant of its intention to use specific evidence at trial pursuant to Rule 12(b)(4), Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that no later than[1]  November 19, 2024, each party may propound to the opposing party, and may file with the court, any request for pretrial disclosure of evidence or information.  Not later than November 26, 2024, the parties shall respond to any such requests for pretrial disclosure of evidence or information and may file with the court a copy of any such response.  To avoid a proliferation of documents, to the extent practicable, all such requests for disclosure and the responses thereto shall be contained in one request or in one

---

[1] Any motion for an extension of any of the following deadlines or any request for a continuance of a setting shall include information relevant to findings required by the Speedy Trial Act, specifically, 18 U.S.C. §3161(h).

response document, with each separate item of information or evidence discussed being a subpart of said document.

**IT IS FURTHER ORDERED** that not later than February 14, 2025, the parties may file any relevant pretrial motion(s).  If pretrial motions are filed, the Court will set a deadline for the opposing party's response and a date for a hearing.

**IT IS FURTHER ORDERED** pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

**IT IS FURTHER ORDERED** that any pretrial motion seeking a court order to compel the production of evidence or information from the opposing party, and each motion to suppress evidence, shall contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the Defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party.  **Any such motion not having such attestation will not be considered or ruled by the Court.**

**IT IS FURTHER ORDERED** that any motion to suppress shall set forth, with particularity, the item(s) of evidence to which the motion is addressed, and shall set forth specific factual details to support any claim that such evidence was unlawfully obtained.  **Any motion to suppress not containing such specific information or any motion cast in conclusory or conjectural terms will not be heard or considered by the Court.**  Each motion to suppress must be accompanied by a memorandum of law setting forth the specific legal ground upon which it is contended that any such item of evidence was unlawfully obtained, with citations to authority.

**IT IS FURTHER ORDERED** that if the Defendant chooses not to file any pretrial motions, counsel for the Defendant shall file with the Court, not later than February 14, 2025, a Notice of Intent to Waive the Filing of Pretrial Motions.  The Notice shall attest that there are no

issues that the Defendant wishes to raise by way of pretrial motion; that counsel has personally discussed this matter with the Defendant; that the Defendant agrees and concurs in the decision not to raise any issues by way of pretrial motion; and that the Defendant is ready for the case to be transferred to the trial judge. If no timely waiver or motion for additional time is filed, the case will be set for trial.

**IT IS FURTHER ORDERED** that, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), the time granted to Defendant to investigate and prepare motions, or a waiver thereof, is excludable from computation of the time for a speedy trial.

**IT IS FURTHER ORDERED** that no extension of time of any deadline set in this order will be granted except upon written motion as described in Rule 12(c), Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that not later than November 29, 2024, the parties must meet for a discovery conference pursuant to Fed. R. Crim. P. 16.1(a). All motions requesting Court action pursuant to Fed. R. Crim. P. 16.1(b) must be pursued in a diligent and timely manner. The undersigned will not consider motions requesting Court-action pursuant to Fed. R. Crim. P. 16.1(b) filed after the pretrial motion deadline.

**IT IS FINALLY ORDERED** that regarding <u>Exhibits</u> -- *The parties are required to retain copies of all exhibits received into evidence during any hearing in this matter before the undersigned until the time for filing a Notice of Appeal has expired.*

*[signature: Abbie Crites-Leoni]*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of November, 2024.